IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:06cr169-WKW |
| | ) | WO |
| TERRENCE ANTWAN JEROME NEWKIRK | ) | |

**ORDER ON MOTION**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on April 3, 2007. There is a presumption of detention in this case.[1]

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant is a danger to the community. Specifically, the evidence before the court establishes that defendant is a drug dealer who habitually possesses or carries a weapon.[2] At least two individuals – a confidential source, and defendant's father, who is a co-defendant – have expressed concern that defendant might use violence against them. In 2005, defendant was convicted of "assault and battery of a high and aggravated nature" in South Carolina. There, according to the police department's court case summary, defendant and his cousin drove to the residence of an individual who had allegedly threatened to rob them, and defendant shot the individual several times in the hip and groin from the passenger's side of the vehicle. The car then drove away from the scene. Defendant is charged in the instant indictment with conspiracy to possess with intent to

---

[1] The court cannot conclude that the statutory presumption was rebutted in this case.

[2] According to a confidential source, these include "throwaway" guns, intended to be used and then thrown away so they are not found in defendant's possession.

distribute 50 grams or more of crack cocaine, five kilograms or more of cocaine powder, and marijuana; and four counts of use of a communication facility (cellular phone) in committing a drug offense. He has a criminal history spanning at least a decade, including charges for multiple criminal offenses as a juvenile (e.g., theft of personal property, vehicle theft, and transport and sale of narcotics).

Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably protect the community and that the defendant should be detained.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 4th day of April, 2007.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
UNITED STATES MAGISTRATE JUDGE