IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO. 2:06-CR-169-WKW |
| ) | |
| TERRENCE ANTWAN JEROME NEWKIRK ) | |

**ORDER**

On January 25, 2008, Attorney Malcolm R. Newman submitted a voucher claiming $21,655.86 as legal fees and expenses allegedly due for his services in this matter. Since counsel's fees exceed the $7,000 statutory maximum, 18 U.S.C. § 3006A(d)(2), the court reviews the appropriateness of the fees requested. Payments may be made in excess of the statutory maximum for "extended or complex representation" if the district judge "certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit." *Id.* § 3006A(d)(3).

Upon audit of the statement, the Clerk's Office has reduced the claim to $18,654.59. Included in the claim are the expenses of thirteen trips to Montgomery from Dothan, counsel's place of residence, resulting in mileage expense of $1,401.60, and travel time of 52 hours, which calculates to an additional travel expense of $4,784.00.

This is a sixteen-defendant case with thirteen defendants represented by panel attorneys. The average fee voucher for the nine other attorneys who have filed them in this case is $6,224.44. One such attorney lives some distance from Montgomery, more than an hour away, and his voucher claimed $6,443.89, including travel time and expenses.

The voucher at issue claims over three times as much as the average voucher of the other nine attorneys. While the court is extremely reluctant to question the reasonableness of activities undertaken in the defense of a criminal defendant, it must conclude that the voucher in this case is unreasonable on its face. The court is keenly aware that a zealous advocate operating in good faith is worth his or her wages. However, neither this attorney nor any of the nine others took their case to trial, and the litigation was not particularly complex. Nothing appears in the record to suggest such a disparity in fees and expenses as payment of the instant voucher would create.

In view of all of the circumstances now before it, including Mr. Newman's own explanation of the time required, the court finds that reasonable fees and expenses for the services of attorney Newman in this matter are $10,827.93, and this is the amount the court proposes to request the Chief Judge of the Eleventh Circuit to approve. It is ORDERED that Attorney Newman shall show cause in writing **on or before May 8, 2008**, why his voucher request should not be reduced to $10,827.93. The failure to show cause will be construed as acquiescence to the reduced amount.

Done this 28th day of April, 2008.

                                            /s/ W. Keith Watkins
                                            UNITED STATES DISTRICT JUDGE