# IN THE UNITED STATES FEDERAL DISRTICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>TERRENCE NEWKIRK )<br>    Defendant. ) | CR. NO. 2:06-cr-169-WKW |

## ANSWER TO ORDER TO SHOW CAUSE

Comes now Counsel for Terrence Newkirk, Malcolm R. Newman, and herewith replies to the Order to Show Cause why Counsel should not be paid for work performed on behalf of Terrence Newkirk. Counsel would initially point out that he did not undertake representation of this Defendant with any assurance or promise that he would initiate the actions (or omissions) of any of the other defense counsel. Counsel's review of putative evidence and consultations with the Defendant were done independently of what others may have done.

As noted previously, there were some 7,500 pages of documents to review; generated by an operation that lasted four years. Counsel

MALCOLM R. NEWMAN
ATTORNEY, P.C.
P.O. Box 6137
Dothan, AL. 36302-6137

had no control over the length or intensity of the Operation nor the volume of evidence it generated. Counsel did control how well he prepared a defense for Mr. Newkirk. Given that, Counsel elected to vigorously explore the possible problem areas since Newkirk was named so high on the Indictment (4th), it was reasonable to assume that his role might be more involved than most of the others involved. Hence, more effort (time) was expended to both discover that and be able to answer it if the need arose.

The Court is not privy to the information provided by Newkirk to the case agents who took his Proffer. If the Court were given access to that information, Counsel is confident the Court would grasp the magnitude of what Terrence Newkirk provided and the extent to which, absent said evidence, considerable expense was avoided. Some of the thirteen trips by Counsel to Montgomery were at the request of Newkirk. Counsel has operated on the theory that Defendants are more apt to trust their Lawyers if their lawyers appear to care about them; one way Counsel has always tried to relate to Defendants is to respond to their need to meet face-to-face to discuss their case and the options they have (or don't have) and explain why or why not. The importance of face-to-face contact is echoed in the Standard

Scheduling Orders of this Court in civil cases where lawyers are <u>required</u> to meet face-to-face to explore settlement. But perhaps the Court can value more Counsel's efforts in light of Newkirk's testimony in the trial of Daniel Craig slated to begin May 7th. Several times during the week of April 28th, Counsel was contacted by Assistant U.S. Attorney Clark Morris regarding bringing back Newkirk from Atlanta to testify against Craig at his trial. She wanted to know if Counsel would be available if Newkirk did not want to cooperate. Newkirk's testimony was crucial to linking Craig to the conspiracy because of Newkirk's role in the overall scheme (validation of the point made earlier regarding vigorous examination of his role). Counsel's efforts in persuading Newkirk that Clark Morris was honorable and acted with integrity calmed doubts that he had about being dealt with honestly, as a black Californian, in the Deep South. With that, Counsel has nothing more to offer about the value of Client rapport.

However, some trips to Montgomery are required even when attempts were made to conduct these Court appearances by telephone – this according to Magistrate Judge Walker. Counsel did not challenge but simply made the trip. There is no unseen incentive for

Counsel to travel to Montgomery from Dothan as Counsel is not overly fond of traffic. However, Counsel is firm in his commitment to represent his clients and personal comfort must therefore give way. Had this case demanded twenty trips, I would have taken twenty.

And finally as Counsel alluded to above, I do not know how co-Counsel, approached or handled the facts of their respective cases nor am I aware of the nature of the relationship they established with their clients. Given that, Counsel cannot say if they did a good job for their client or a good job for the United States. But what I can say is that Counsel struggles to accept that this Court could know enough about the facts specific to sixteen individuals to determine what is a reasonable expenditure of effort for any one defendant. To compare the facts facing Newkirk and the effort needed to defend him to the facts facing Mills, Brown or Walton and their defense needed, is quite the task and one not undertaken lightly to be sure. But to tie the efforts needed certainly undermines the goal of zealous representation. As this Court knows, going to trial should never be the talisman of effective representation, as sometimes not going to trial takes more work. This is especially true when working with a

MALCOLM R. NEWMAN
ATTORNEY, P.C.
P.O. Box 6137
Dothan, AL. 36302-6137

defendant who truly feels that he has nothing to lose by getting his day in Court and for whom prison is no shock.

Counsel believes the original submission was accurate and fair for his work, bit did not oppose the Clerk's reduction as he did not have the time to devote to checking that reduction. But as the Court now proposes to pay less than 50% of Counsel's original submission he must object and seek the original amount. If the Court objects to approving fair payment and reimbursement for non-local Counsel, then Counsel can certainly in the future refuse any and all cases where travel is involved and those where the Defendant might want to weigh his options before submitting to the United States. But, here, Counsel is entitled to be paid for his labor and reimbursed for his expenses.

Respectfully Submitted,

/s/ Malcolm R. Newman
Malcolm R. Newman

MALCOLM R. NEWMAN
ATTORNEY, P.C.
P.O. Box 6137
Dothan, AL. 36302-6137

## CERTIFICATE OF SERVICE

I hereby certify that on this date of May 8th, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Clark Morris, Assistant U.S. Attorney
P.O. Box 197
Montgomery, Alabama 36101

                                                         /s/ Malcolm R. Newman
                                                         Malcolm R. Newman